CÁNDIDO RODRÍGUEZ HERNÁNDEZ, Plaintiff and Appellee, *v.* GUILLERMO ARBONA, Defendant and Appellant; ANTONIO PADILLA ET AL., Third-Party Defendants.

No. 9552. Argued January 20, 1948.—Decided April 30, 1948.

*Córdova & González* and *Alberto Picó* (*Carlos J. Faure* on the brief) for appellant. *Frank Torres* for appellee. *E. Arjona Siaca* for Mr. Gierbolini, third-party defendant.

Mr. Justice de Jesús delivered the opinion of the Court.

Cándido Rodríguez lived in the outskirts of Juana Díaz near the main road which leads from said town to Coamo. On March 26, 1944, at about 7:30 in the evening Rodríguez and some members of his family were walking towards Juana Díaz along the right-hand side of said road. At that time, in the same direction, Guillermo Arbona was riding in his own automobile driven by an employee of his. The automobile was traveling rather towards its left at moderate speed with its lights off. In the opposite direction, that is, from Juana Díaz to Coamo, Enrique Gierbolini was driving a pick-up, along the right-hand side, with glaring lights and at a speed of from forty to fifty miles per hour. Gierbolini found that its right-hand side was occupied by Arbona's automobile and in order to avoid the collision, he swerved the car to the other side so as to leave the right side to Arbona. Notwithstanding this maneuver both cars collided. As a result of this collision the pick-up continued swerved to its left, whereupon it ran over Cándido Rodríguez who had gone to his extreme right, causing him injuries which resulted in the permanent partial incapacity of his leg. The pick-up then turned to the right smashing against a tree on the side of the road.

Rodríguez filed an action for damages against Arbona. The latter, in turn, sued Gierbolini and Antonio Padilla, the latter as alleged owner of the pick-up. Arbona moved for the dismissal of the complaint and that it be declared that the only persons liable for the accident were Antonio Padilla and Enrique Gierbolini against whom he sought judgment for $300 for the damages caused his automobile plus costs and attorney's fees. Subsequently, a stipulation was filed for the dismissal of Arbona's complaint against Padilla, and this was granted.

The issue being thus joined between Rodríguez, Arbona and Gierbolini, the lower court rendered judgment ordering Guillermo Arbona and Enrique Gierbolini to pay to the plaintiff, in solidum, the amount of $3,018 for damages plus costs and $300 for attorney's fees. Gierbolini did not appeal. The present appeal has been taken by Arbona. The only error assigned is that the lower court found that the proximate cause of the accident was the concurrent negligence of himself and Gierbolini.

The facts as proved show that Arbona was negligent in traveling along the left-hand side, without lights, despite the fact that the sun had set half an hour before. It also reveals that Gierbolini was negligent in traveling at a speed of from forty to fifty miles, although he was going across a densely populated zone, if not an urban zone. If Arbona had not been negligent, the accident would not have happened, for if Gierbolini would have found his way free he could have continued his way without any difficulty. Nor would the accident have happened if Gierbolini would have gone at a moderate speed for since the accident took place in a straight stretch of road he could have seen Arbona's automobile and stop his car in time. Under these circumstances, the proximate cause of the accident was the negligence of the defendant concurrent with that of the third party defendant. And assuming that Gierbolini's negligence was wanton and obstinate and that of Arbona's was not gross,

this circumstance would not excuse them. *González* v. *White Star Bus Line, Inc.,* 53 P.R.R. 628; *Cubano* v. *Jiménez et al,* 32 P.R.R. 155; Annotations in 62 A.L.R. 1425 and 16 A.L.R. 465.

Judgment is affirmed.